IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL FRIED,<br><br>*Plaintiff,*<br><br>v.<br><br>ADAPTHEALTH LLC,<br><br>*Defendant.* | C.A. No. _____ |

# COMPLAINT

Plaintiff MICHAEL FRIED ("Plaintiff"), by and through his undersigned counsel, by way of Complaint against the Defendant, ADAPTHEALTH LLC ("Defendant"), hereby alleges the following:

## THE PARTIES

1. Plaintiff is an individual who is domiciled within the State of New Jersey

2. Defendant is Delaware Limited Liability Company. On information and belief, the only member of Defendant is a Delaware corporation. Defendant is engaged in the business of providing home medical supplies and equipment.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1), because complete diversity of citizenship exists between Plaintiff (who is domiciled in New Jersey) and Defendant (a Delaware LLC whose only member, on information and belief, is a Delaware corporation); and the amount in controversy is in excess of $75,000.

4. Venue is proper in the District of Delaware pursuant to 28 U.S.C. §§ 1391(b)(1) and (c)(2), because Defendant is subject to this Court's personal jurisdiction with respect to this civil action, due to the fact that Defendant does substantial business within this District.

5. In Section 29 of the Severance Agreement and General Release ("Severance Agreement"), the Plaintiff and Defendant agreed that "[t]he exclusive venue and jurisdiction for any litigation concerning this Agreement shall be in the State of Delaware and the U.S. District Court for the District of Delaware, which shall have personal jurisdiction over Employee and over matters arising out of this Agreement, and Employee hereby irrevocably waives any and all objections to personal jurisdiction, venue or convenience in the aforementioned court."

## FACTUAL ALLEGATIONS

6. On or about December 30, 2021, Plaintiff and Defendant entered into an Employment Agreement, a true and correct copy of which is attached to this Complaint as Exhibit A.

7. In Section 1 of the Employment Agreement, Defendant engaged Plaintiff to serve as President of Community Surgical Supply of Toms River, LLC ("CSS"). Defendant's engaging Plaintiff as President of CSS was part of a larger transaction in which Defendant acquired CSS.

8. Section 3(e)(i) of the Employment Agreement (Incentive Compensation") provides that "[t]he Employee shall receive "Incentive Compensation" based on CSS exceeding certain annual net revenue thresholds in calendar year 2022. Specifically, the Employee shall be eligible to receive (i) 10% of net revenue from operations in New York and New Jersey that results in infusion pharmacy gross margin in excess of $6,5000,000 for CSS in calendar year 2022".

9. On or about October 14, 2022, Plaintiff and Defendant entered into a Severance Agreement, a true and correct copy of which is attached as Exhibit B. Section 7(c) of the Severance Agreement provides as follows:

2569086v.1

Company acknowledges that CSS has achieved the net revenue threshold set forth in Section set forth in Section 3(e)(ii) of the Employment Agreement for calendar year 2022 and expects to achieve the annual net revenue threshold set forth in Section 3(e)(i) of the Employment Agreement for calendar year 2022. Subject to the actual performance of CSS with respect to the measures set forth in Sections 3(e)(i) and (ii), Company will pay Employee the Incentive Compensation (as defined in and determined pursuant to the Employment Agreement) that Employee would have been eligible to receive has Employee remained employed by the Company through December 31, 2022 (the "**Incentive Pay**"), in one lump sum payment on or before February 28, 2023. The Incentive Pay will be less such amounts as are required to be withheld or deducted by law. Employee agrees and acknowledges that, but for this Agreement, Employee would not otherwise be entitled to receive any Incentive Pay.

10. Section 7(c) of the Severance Agreement supersedes the Employment Agreement as to all issues concerning Incentive Compensation, including (without limitation) any provisions of the Employment Agreement that might purport to require mandatory mediation).

11. Pursuant to Section 7(c) of the Severance Agreement (including, without limitation, Section 3(e)(i) of the Employment Agreement, which the Severance Agreement explicitly incorporates), the amount of Incentive Compensation that Defendant should have paid to Plaintiff is $1,663,234.00. Defendant has made payment to Plaintiff of Incentive Compensation under Section 7(c) of the Severance Agreement (including, without limitation, Section 3(e)(i) of the Employment Agreement, which the Severance Agreement explicitly incorporates), only in the amount of $249,416.00. Therefore, Defendant still owes to Plaintiff $1,413,908.00.

## COUNT ONE
### (Breach of Contract)

12. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1 through 11, as if set forth fully in this paragraph.

13. The Severance Agreement (including, without limitation, Section 3(e)(i) of the Employment Agreement, which the Severance Agreement explicitly incorporates), is a valid and binding contract between Plaintiff and Defendant.

2569086v.1

14. By failing to make payment to Plaintiff of the full amount required by the Severance Agreement (including, without limitation, Section 3(e)(i) of the Employment Agreement, which the Severance Agreement explicitly incorporates), Defendant has breached the contract.

15. As a direct and proximate result of the foregoing, Plaintiff has sustained damages as set forth herein, in an amount no less than $1.6 million.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, MICHAEL FRIED, hereby prays respectfully that this Honorable Court grant to Plaintiff the following relief:

A. An award of damages in favor of Plaintiff in an amount no less than $1,413,908.00, plus pre-judgment and post-judgment interest;

B. An award granting to Plaintiff all attorneys' fees, costs, and expenses in this action allowable under applicable law;

C. All other relief permitted under applicable law; and

D. All other relief that this Honorable Court may deem just and proper.

LEWIS BRISBOIS BISGAARD
& SMITH LLP

*/s/ Francis G.X. Pileggi*
Francis G.X. Pileggi, Esq. (Bar No. 2624)
500 Delaware Ave., Suite 700
Wilmington, DE 19801
(302) 985-6000
Francis.Pileggi@LewisBrisbois.com

*Attorneys for Plaintiff, Michael Fried*

OF COUNSEL:
Thomas A. Gentile
Wilson Elser Moskowitz Edelman &
    Dicker LLP
7 Giralda Farms
Madison, NJ 07940

Dated: October 16, 2023

2569086v.1